IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00496 SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION FOR |
| vs. | ) | RECONSIDERATION |
| | ) | |
| ANDREW L. LICHTENBERG, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING MOTION FOR RECONSIDERATION

Defendant Andrew L. Lichtenberg has requested that this court reconsider the denial of his motion to dismiss the indictment filed against him on November 17, 2005. Because Lichtenberg shows no error, the motion for reconsideration is denied.[1]

---

[1] Under Criminal Local Rule 12.3, "[t]he local rules pertaining to civil motions are applicable to motions in criminal cases . . . ." Under Local Rules 60.1, motions for reconsideration of interlocutory orders may be based only on: (a) discovery of new facts not previously available; (b) intervening changes in the law; and (c) manifest errors of law or fact. Lichtenberg's motion essentially argues that, in denying his motion to dismiss the indictment, this court committed a manifest error of law. See Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1153 (D. Haw. 2004) (under Local Rule 60.1(c), motions for reconsideration of interlocutory orders may be brought based on manifest errors of law or fact when there is a need to correct errors to prevent manifest injustice), aff'd 132 Fed. Appx. 730 (9th Cir. 2005); Na Mamo O 'Aha 'Ino v. Galiher, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999) (same); Donaldson, 947 F. Supp. at 430 (interpreting identical language in a prior local rule regarding manifest errors). Disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. Hawaii Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).

Lichtenberg initially argues that the Doctrine of Specialty applies to bar all prosecutions to which an extraditing country does not expressly agree.  He says that, because Indonesia did not expressly consent to his trial for any particular crime, the Doctrine of Specialty bars this prosecution.  Lichtenberg, however, cites no authority that holds that the Doctrine of Specialty bars prosecutions unless the extraditing country expressly consents to a trial on a particular charge.  As discussed in this court's order, Fiocconi v. Attorney General of the United States, 462 F.2d 475 (2d Cir. 1972), which Lichtenberg relied on in his original motion to dismiss indictment, indicates that the Doctrine of Speciality does not require a country's express consent to charges.  Lichtenberg's first argument is meritless.

Lichtenberg next argues that the Doctrine of Dual Criminality must have been violated because the crimes he has been charged with are not crimes under the laws of Indonesia.  Lichtenberg, however, is assuming that the crimes for which he has been indicted are not also crimes under the laws of Indonesia.  In fact, Lichtenberg admitted at the hearing that he had no basis for knowing whether the crimes alleged in the Indictment are also crimes under the laws of Indonesia.  At most, Lichtenberg indicated that he personally had not located provisions in Indonesian law making it a crime to do what the

Indictment charges him with having done. Lichtenberg did not claim to have done thorough research, to have been an expert in Indonesian law, to have even read pertinent Indonesian law available to him in English, or to have understood any other language the law was written in. Lichtenberg therefore shows no error in this court's determination that Doctrine of Dual Criminality was not violated.

The motion for reconsideration is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 9, 2006.

_____
Susan Oki Mollway
United States District Judge

<u>United States v. Andrew L. Lichtenberg</u>, Criminal No. 05-00496 SOM; Order Denying Motion for Reconsideration